[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16463
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-02132-CV-T-33EAJ

AGRICO CANADA LTD,
a foreign corporation,

                                        Plaintiff-Appellant,

versus

HELM FERTILIZER CORP.,
a Florida corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 2, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Agrico Canada Ltd., an importer and wholesaler of bulk fertilizer, submitted a purchase order to Helm Fertilizer Corporation for 25,000 metric tons of granular urea to be shipped by vessel from Egypt to Montreal, Quebec and Hamilton, Ontario, to arrive in Montreal on April 25, 2007.[1] Helm then sent a sales contract to Agrico, which adopted some of the terms of the purchase order, but provided that Helm would "make best efforts" to deliver the urea between April 25 and May 10, 2007. (R.1-1 Ex. 2 at 19.) According to Agrico, one of its employees contacted Helm and objected to the best efforts delivery window. Agrico asserts that a Helm employee responded to the objection by stating that such a delivery window was customary, but that Helm would "look after" Agrico and that the fertilizer would arrive "on time." (R.1-57 at 4-5 n.1.) Agents for Agrico then signed the sales contract, which contained an integration clause stating:

> [t]his form of contract, together with any riders, schedules, or exhibits hereto and other written materials incorporated by reference herein (but not including any purchase order, acknowledgment form or other document issued by Buyer unless expressly stated by Seller to form a part hereof) constitutes the entire agreement between Seller and Buyer with respect to the purchase and sale described on the attached form. No price negotiations, representations, or understanding shall be considered to add to or modify the terms hereof.

(R.1-1 Ex. 2 at 2.)

---

[1]The parties later agreed that the first port of discharge would be Contrecouer, Quebec, which is fourteen miles from Montreal.

Agents for Agrico and Helm corresponded via e-mail and telephone during March and April 2007 regarding the transport and delivery of the fertilizer. Agrico alleges that several e-mails from Helm misled Agrico about the anticipated date of delivery. The fertilizer was ultimately delivered at 6:00 a.m. on May 11, 2007, six hours after the best efforts delivery window in the contract expired.

Invoking the court's maritime jurisdiction, Agrico brought this action against Helm in the United States District Court for the Middle District of Florida. The complaint asserted claims for breach of maritime contract, negligently providing assurance under maritime contract, and third party beneficiary contract under maritime law. The complaint also asserted claims under Florida law for breach of contract, negligent assurance, and third party beneficiary. Agrico moved for partial summary judgment on the issue of liability, and Helm moved for summary judgment on all claims. The district court denied Agrico's motion, granted Helm's motion, and entered judgment in favor of Helm. Agrico appeals.

Agrico contends that: (1) the purchase order, sales contract, and extrinsic evidence show that Helm and Agrico agreed that the fertilizer would be delivered on a date certain, April 25, 2007; (2) even if the sales contract's "best efforts" delivery window controlled, Helm breached that provision by failing to charter a vessel to deliver the fertilizer in a timely manner; and (3) the district court failed to consider

3

the entire record in interpreting the provisions of the sales contract and in considering Agrico's claims that Helm failed to undertake "best efforts" to deliver the fertilizer in a timely manner.

After review of the record, we agree with the district court's well-reasoned analysis concluding that the sales contract's delivery window of April 25 to May 10 is the controlling term of delivery (R.1-57 at 15-20); that the parties did not modify the contract or enter into an enforceable oral contract providing that the fertilizer would be delivered on April 25 (*id.*); and that Helm did not breach the sales contract by failing to undertake best efforts to timely deliver the fertilizer or by misleading Agrico as to the time and circumstances of delivery. (*Id.* at 21-30.) Accordingly, we hold that the district court did not err in denying Agrico's motion for summary judgment and in granting Helm summary judgment on all claims.

AFFIRMED.